UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| ADVANTA TECHNOLOGY LIMITED, et al., | ) | |
|---|---|---|
| Plaintiffs, | ) | |
| vs. | ) | Case No. 4:07CV00516 ERW |
| BP NUTRITION, INC., et al., | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Defendants' Motion for Relief from Order [doc #26] pursuant to Fed. R. Civ. P. 60(b).

**I.    BACKGROUND**[1]

On March 31, 2006, Advanta Technology Limited and Garst Seed Company (collectively, "Plaintiffs") initiated this action in the Circuit Court of St. Louis County, Missouri, asserting various state law claims for indemnity against BP Nutrition and BP America (collectively, "Defendants").[2]  When Plaintiffs served their answers to Defendants' interrogatories on February 21, 2007, Plaintiffs stated that not only did they seek damages, but pursuant to an indemnity

---

[1] The Court's recitation of facts is taken from Defendants' Memorandum in Support of Their Motion [doc #27], Plaintiffs' Opposition to Defendants' Motion [doc #31], and accompanying exhibits.

[2] Plaintiffs' underlying claim for indemnity stems from a 1990 Technology Agreement, in which Defendant BP Nutrition and Edward J. Funk & Sons, Inc. sold copyrighted and patented plant technology to Imperial Chemical Industries, and promised to "jointly and severally indemnify and hold harmless [Imperial], its successors and assigns" for any third party claims alleging copyright or patent infringement. According to Plaintiffs' Petition, Plaintiff Advanta is the successor to Imperial. Plaintiff Advanta is also the parent company of Plaintiff Garst. In December 2003, Pioneer Hi-Bred International sued Garst for patent infringement and eventually settled. Plaintiffs requested indemnification from Defendants under the Technology Agreement.

obligation and deed of release and waiver, AstraZeneca Holdings BV ("AstraZeneca") and Cosun VDH BV ("Cosun")[3] had become "subrogated to and entitled to pursue all claims for the Settlement Payment and Defense Costs in the name of Advanta Technology and Garst."

Based on Plaintiffs' Interrogatory Answer, on March 15, 2007, Defendants filed its first Notice of Removal.[4] Defendants claimed that Garst Seed Company ("Plaintiff Garst") assigned its claims for indemnification to AstraZeneca and Cosun, making them the real parties in interest instead of Plaintiff Garst. Accordingly, Defendants argued that although Plaintiff Garst was not diverse from Defendants, AstraZeneca and Cosun were diverse, and diversity jurisdiction was established under 28 U.S.C. § 1332(a).

On April 16, 2007, Plaintiffs filed a Motion to Remand the case to the Circuit Court for St. Louis County, Missouri. Plaintiffs argued that Plaintiff Garst had not assigned, but merely subrogated, its claims to AstraZeneca and Cosun. Under Missouri law, a subrogor retains legal title to the claim and the exclusive right to sue, and Plaintiffs asserted that the Court did not have jurisdiction. This Court, finding only subrogation, and not an assignment, remanded the matter on August 10, 2007. *Advanta Technology Ltd. v. BP Nutrition*, 4:07CV00516 ERW.

Through the discovery process, Defendants learned of the existence of a Deed of Release and Waiver ("Deed of Release"), and filed a Motion to Compel the production of this document. Plaintiffs produced the Deed of Release on March 24, 2008, which stated:

> Syngenta[5] shall procure that Garst . . . assigns to [AstraZeneca and Cosun] any and all rights of recovery and the right to control, prosecute and settle . . . including but not limited to, claims for indemnification, breach of contract, and breach of representation and/or warranty, in relation to the subject matter of the Pioneer

---

[3] AstraZeneca and Cosun each own 50% of Plaintiff Advanta.

[4] Case No. 4:07CV00516 ERW

[5] On August 31, 2004, Syngenta Alpha B.V. bought Plaintiff Advanta.

2

> Litigation relating to or arising out of . . . the agreement for the sale and purchase of technology of the Corporation, Edw. J. Funk & Sons, Inc., dated October 2, 1990.

When Defendants asked Plaintiffs to produce the purported assignment agreement mentioned in the Deed of Release, Plaintiffs stated that no assignment existed, and that the Deed of Release only referred to "a possible future assignment that never occurred."

On April 5, 2008, Plaintiffs produced to Defendants a letter dated September 5, 2005 ("the letter") between Plaintiff Garst and Syngenta. The letter states:

> Garst agrees to assign to [AstraZeneca and Cosun] any and all rights of recovery and the right to control, prosecute and settle . . . including but not limited to, claims for indemnification, breach of contract, and breach of representation and/or warranty, in relation to the subject matter of the Pioneer Litigation relating to or arising out of . . . the agreement for the sale and purchase of technology of the Corporation, Edw. J. Funk & Sons, Inc., dated October 2, 1990.

Plaintiffs claim they had no knowledge of the letter until April 2, 2008, when they received the Settlement Agreement from Pioneer Hi-Bred International.

After receiving the letter, Defendants filed a Notice of Removal, in Case No. 4:08CV00612 ERW, pursuant to 28 U.S.C. § 1446(b) on April 30, 2008.[6] Additionally, Defendants filed the pending Motion for Relief from Order Pursuant to Rule 60(b) [doc. #26]. Defendants ask that the Court vacate the August 10, 2007 Remand Order and reinstate and reopen the action in this Court. This Motion is now fully briefed and the Court will address it at this time.

**II.  DISCUSSION**

Fed. R. Civ. P. 60(b) provides various grounds on which the Court may relieve a party from a "final judgment, order, or proceeding." Fed. R. Civ. P. 60(b). This Rule "'is an

---

[6] Plaintiffs have filed a Motion to Remand in 4:08CV00612 ERW. Plaintiffs' Motion to Remand will not be addressed in this Memorandum and Order.

3

extraordinary remedy' and will be justified only under 'exceptional circumstances.'" *Prudential Ins. Co. of America v. National Park Med. Ctr., Inc.*, 413 F.3d 897, 903 (8th Cir. 2005) (quoting *Watkins v. Lundell*, 169 F.3d 540, 544 (8th Cir. 1999)). This Rule may be used where:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud . . . , misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable;
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Defendants seek relief on the grounds of newly discovered evidence and for the alleged misrepresentations made by Plaintiffs.

The Court need not address whether Plaintiffs engaged in misrepresentation or whether newly discovered evidence requires relief from the Court's Order because this Motion is barred for lack of subject matter jurisdiction. 28 U.S.C. § 1447(d) states that "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise." 28 U.S.C. § 1447(d). "When a district court remands a case to a state court, the district court disassociates itself from the case entirely, retaining nothing of the matter on the federal court's docket." *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 714 (1996). When a case is remanded under 28 U.S.C. § 1447(c), "the remand order must stand 'whether erroneous or not and whether review is sought by appeal or by extraordinary writ.'" *Roberts v. BJC Health Sys.*, 452 F.3d 737, 739 (8th Cir. 2006) (quoting *Thermtron Prods., Inc. v. Hermansdorfer*, 423 U.S. 336, 343 (1976) (overruled on other grounds)).

Other courts have refused to use Fed. R. Civ. P. 60(b) to review remand orders where the action was remanded under 29 U.S.C. § 1447. *See Disher v. Citigroup Global Markets, Inc.*, 486

4

F.Supp.2d 790 (S.D. Ill. 2007); *Barnes v. Allstate Ins. Co.*, 2008 WL 425566 (E.D. La. Feb. 12, 2008); *Robinson v. Beverly Enterprises, Inc.*, 2007 WL 2156581 (E.D. Wis. July 24, 2007). Because this Court remanded the case to the Circuit Court of St. Louis County, Missouri on August 10, 2007 under 28 U.S.C. § 1447(c), the Court is prevented from reviewing the Remand Order under Fed. R. Civ. P. 60(b).

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion for Relief from Order [doc. #26] is **DENIED.**

Dated this 16th Day of October, 2008.

_E. Richard Webber_
E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE